```
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF FLORIDA

                                  CASE NO. 15-23449-Civ-MORENO
                                  MAGISTRATE JUDGE P.A. WHITE

GREGORY CURRY,                :

     Petitioner,              :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
JULIE L. JONES,               :

     Respondent.              :
_____
```

## I. Introduction

While confined as a pretrial detainee in a county jail located in Tampa, Florida on a criminal charge unrelated to the instant case, Curry submitted to this Court on September 11, 2015, a pro se pleading entitled, "All Writ of Habeas Corpus." (DE# 1). Curry appeared to challenge the lawfulness of his convictions and sentences entered in Miami-Dade County Circuit Court Case No. 91-33233. Id. He appeared to seek the vacation of the convictions entered in Case No. 91-33233 out of concern that the prior convictions would be relied upon in an unrelated prosecution to enhance any sentence that might be imposed. Id.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. After full review of the file, dismissal without prejudice for lack of prosecution of the instant case is warranted for the reasons expressed below.

## II. Procedural History

A. State Court Proceedings[1]

On January 22, 1993, after a jury trial conducted in Miami-Dade County Circuit Court Case No. 91-33233, Curry was convicted of armed robbery in violation of Fla.Stat. §812.13 and burglary of an occupied conveyance with a firearm in violation of Fla.Stat. §810.02. See State v. Curry, No. 91-33233 (Fla. 11th Jud. Cir. Ct.); https://www2.miami-dadeclerk.com/cjis/. On March 5, 1993, Curry was sentenced as a habitual violent offender to a term of imprisonment of twenty-seven years with a minimum mandatory term of ten years. Id. On April 19, 1993, Curry was transferred to the custody of the Florida Department of Corrections to serve his sentence. See http://www.dc.state.fl.us.

Since convicted and sentenced by the state trial court, Curry has challenged his convictions and sentences on various grounds in numerous state postconviction proceedings, but to no avail. See State v. Curry, Case No. 91-33233 (Fla. 11th Jud. Cir. Ct.); https://www2.miami-dadeclerk.com/cjis/. See also Curry v. State 16 So.3d 933, 934 (Fla. 3d DCA 2009). On June 13, 2011, Curry was released from the custody of the Florida Department of Corrections

---

[1] The procedural history of this case has been obtained from review of DE# 1 as well as review of the information available at the database maintained by the Florida Department of Corrections, *see* http://www.dc.state.fl.us; the online docket of the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com/publicweb/Search_Court_Records.aspx, viewed in State v. Curry, Case No. 15-006445 (Fla. 13th Jud. Cir. Ct.); and the online docket of the Clerk of Court, Eleventh Judicial Circuit, Miami-Dade County, https://www2.miami-dadeclerk.com/cjis/, viewed in State v. Curry, Case No. 91-33233 (Fla. 11th Jud. Cir. Ct.). The undersigned takes judicial notice of these records. Fed.R.Evid. 201(b)(providing that the Court may take judicial notice on its own of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). See also United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts."); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(*quoting* Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

to a five-year term of parole. See Petition (DE# 1); http://www.dc.state.fl.us.

In May 2015, apparently while still serving his term of parole in Miami-Dade County Circuit Court Case No. 91-33233, Curry committed the new offense of grand theft in the third degree and he was charged in Hillsborough County Circuit Court with that offense. See State v. Curry, Case No. 15-006445 (Fla. 13th Jud. Cir. Ct.); http://www.hillsclerk.com/publicweb/Search_Court_Records.aspx. Curry entered a plea of not guilty to the offense charged and the case is proceeding to jury trial. Id.

### B. §2254 Proceedings

Long after all state court proceedings had concluded with regard to his convictions and sentences entered in Miami-Dade County Case No. 91-33233, Curry came to this Court filing on August 21, 2015,[2] his pro se pleading. See DE# 1. Since Curry appeared to be attacking his convictions and sentences entered in Miami-Dade County Case No. 91-33233, his pleading was in legal effect a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.[3] On September 16, 2015, the undersigned conducted a search using the

---

[2]This Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11th Cir. 2008). See also Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[3]Although Curry had been released from confinement, he is in custody for purposes of this federal habeas proceeding since at the time of the filing of the subject pleading, Curry was serving a term of parole in Miami-Dade County Circuit Court Case No. 91-33233. The courts have held that in the context of habeas proceedings, the "in custody" requirement may also be met where a petitioner is on probation, parole or bail. Hensley v. Municipal Court, 411 U.S. 345, 349 (1973). See also Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982)(stating "[i]n the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole, or bail.")(citing Hensley, 411 U.S. at 349, 93 S.Ct. 1571)).

3

Court's PACER (Public Access to Court Electronic Records) system and the search revealed no prior §2254 petition, attacking the subject convictions and sentences. Since Curry had not filed a prior §2254 petition in this Court, challenging the subject convictions and sentences, the undersigned entered an order pursuant to Castro v. United States, 540 U.S. 375 (2003).[4] See Order entered on September 16, 2015. (DE# 7).

Curry was advised that he could have his pleading recharacterized as a §2254 habeas petition and heard as such, but lose his ability to file successive petitions, absent certification from the Eleventh Circuit; or withdraw the pleading and file an all-inclusive §2254 petition within the one-year statutory period. Id. at 3-5. Curry was to notify this Court by October 16, 2015, of whether he wanted to proceed with this action as a §2254 proceeding or wanted to withdraw his pleading and dismiss the instant action. Id. at 5-6. The undersigned noted that if Curry intended to proceed with the case as a §2254 proceeding, he could not do so on the pleading as filed in that he had not used the form required by Rule 2(c) of the Rules Governing Section 2254 Proceedings and Local Rule 88.2(a)(2) and his pleading had not been properly sworn. Id. Curry was provided with a form §2254 petition to file with this Court and his amended petition was due in this Court by October 16, 2015. Id. at 6-7. Curry was expressly advised that failure to comply with the Order might result in dismissal of the proceeding without further consideration for lack of prosecution or otherwise. Id. at 7.

---

[4]In *Castro*, the Supreme Court instructs district courts to advise petitioners that it intends to recharacterize a pleading as a §2254 petition, and warn the petitioner about the consequences of recharacterizing a pleading as a habeas petition. Failure to notify the petitioner in compliance with *Castro* will prevent the pleading from being considered a petition for writ of habeas corpus for purpose of applying the restrictions for second or successive motions. See Figuereo-Sanchez v. United States, 678 F.3d 1203, 1206 (11th Cir. 2012)(stating that, "[w]e have interpreted the rule in *Castro* to be "categorical and mandatory," and therefore not subject to exception.").

4

Also, on September 16, 2015, the undersigned entered an order instructing the Petitioner *inter alia* as follows:

> A pro se litigant must promptly notify the Court in writing of any change of his or her address. This notice must be provided on a paper labeled "Notice of Change of Address" and must include the case number, the litigant's name, and the new address. A copy must be sent to counsel for the opposing side, and the notice shall include a certificate of service that a copy has been sent to counsel for the opposing side. Failure to promptly notify the Court of any change in address may result in dismissal of the case for lack of prosecution.

(Initial Order of Instructions to Pro Se Litigant at ¶3)(DE# 6).

The orders entered on September 16, 2015, were not returned to this Court as undeliverable and were received by Curry. *See generally*, Docket. Curry responded to this Court's *Castro* order, filing a pro se pleading pursuant to §2254, expressly challenging the lawfulness of his convictions and sentences entered in Miami-Dade County Circuit Court Case No. 91-33233. See DE# 8. While Curry had indicated that he agreed to the recharacterization of his initial pleading as a §2254 habeas petition, the habeas case could still not go forward. Petitioner had not complied with all applicable rules, including the Local Rules for the Southern District of Florida, the Rules Governing Section 2254 Proceedings, and the Federal Rules of Civil Procedure.[5] See Local Rule 88.2. Petitioner had not utilized the required form §2254 petition, as was provided to him by this Court. By order entered on November 3,

---

[5] A habeas petition must be typed, or legibly written, on the required form and, "[a]bsent prior permission of the Court, neither a motion and its incorporated memorandum of law, nor the opposing memorandum of law, shall exceed twenty (20) pages...." Local Rules 7.1(c)(2); 88.2(a); Rules Governing Section 2254 Cases, Rule 2(c). The petition must be clear, succinct, and supported by sufficient factual detail to enable the Court to determine whether further review is warranted. See Rules Governing Section 2254 Cases, Rule 2(c), (d), Advisory Committee Notes.

2015, Curry was afforded another opportunity to file a proper form amended petition and the petition was due in this Court by December 3, 2015. See Order entered on November 3, 2015. (DE# 11). Petitioner was again cautioned that his failure to comply with the Order would result in the dismissal of his petition without prejudice subject to any applicable bars. Id. at 4. Curry was again provided with the form §2254 petition. Id.

This Court's order entered on November 3, 2015, was not returned to this Court as undeliverable and was received by Curry. *See generally*, Docket. Curry did not file a proposed second amended petition, as ordered, and instead filed on December 1, 2015, a pleading entitled, "Petitioner's Notice and Clarification on Procedural and/or Substantial Due Process." (DE# 12). When construing the pleading liberally, as this Court must for pro se litigants,[6] it appeared as if Petitioner was requesting this Court to appoint counsel to represent him in this habeas corpus proceeding. Id. He was also requesting an extension of time in which to comply with this Court's order entered on November 3, 2015. Id. In his pleading, Curry contended that he was unable to comply with this Court's order, requiring an amended petition, because the law library in the institution where he was then-confined did not provide him with legal assistance and he was, therefore, being denied access to the court. Id.

On December 30, 2015, this Court entered an order, denying Curry's request for the appointment of counsel. See Order entered on December 30, 2015. (DE# 13). Curry's assertion that he was being denied access to the courts was found inappropriately presented in

---

[6]*Pro s*e pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). See also Haines v. Kerner, 404 U.S. 519 (1972).

6

this habeas corpus proceeding. Id. at 2-3. The undersigned also noted that there was no evidence whatever in the record that Curry had in any way been denied access to the courts or had been prevented from challenging his convictions in this Court. Id. And, in fact, the exhibits attached to Curry's pleadings appeared to indicate to the contrary. Id. This Court gave Curry one final extension of time to file a second "Amended Petition" on the proper form. Id. at 4-5.

On January 19, 2016, the Order entered on December 30, 2015, was returned to this Court as undeliverable. See DE# 14. This Court's Docket Entry #14 indicates in part: "The Clerk's Notice of Undeliverable Mail re 13 Order. US Mail returned for: Gregory Curry. The Court has not located an updated address for this party."

### III. Discussion

The Eleventh Circuit has commented that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)(*quoting* Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (*citing* Fed.R.Civ.P. 41(b)). See also Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)(interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)("It is well settled that a district court has inherent power to dismiss a case for failure

to prosecute....").[7] This Court also may summarily deny pleadings as incomprehensible and merely containing unsupported assertions. See e.g., United States v. True, 2003 WL 21254889, *1 (M.D.Fla. 2003)(affirming summary denial of defendants' motion to dismiss because it was written in incomprehensible gibberish), citing, Crain v. C.I.R., 737 F.2d 1417, 1418 (5th Cir. 1984)(affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," and stating that Court should not have been put to the trouble of "adjudicating" the meritless appeal).

This Court's initial orders, requiring Curry to complete and file the §2254 form petition, and the §2254 forms mailed to Curry were not returned to the Court as undeliverable. *See generally*, Docket. Further, this Court's initial instructions, advising Petitioner of his responsibility to keep this Court apprised of any change of address by filing a "Notice of Change of Address," was not returned to this Court as undeliverable.[8] Id. Curry was repeatedly advised in orders not returned to this Court that failure to comply with this Court's orders could result in dismissal of his case for lack of prosecution. See Initial Order of Instructions to Pro Se Litigant at ¶3 (DE# 6); Orders entered on September 16 and November 3, 2015. (DE# 7, 11).

Based upon this information, the Court finds Petitioner has been provided with adequate notice that his case would be dismissed for not complying with the Court's orders, and he was also provided

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[8] Records maintained by the Florida Department of Corrections indicate that Curry was again released from confinement on January 7, 2016, to a term of conditional release supervision. See http://www.dc.state.fl.us.

with more than ample opportunity to complete the §2254 form and return it to the Court. Dismissal without prejudice is clearly warranted for failure to follow the Court's Order pursuant to Rule 41(b). Further, Petitioner's lack of compliance with this Court's Orders and properly litigate the instant case amounts to a failure to prosecute and could also be viewed as an abandonment of his case. From the record now before this Court, it is impossible to tell whether any §2254 petition is time-barred or whether any future petition would be time-barred.[9] Accordingly, since a new petition might be barred by the statute of limitations, the Petitioner is cautioned to be aware of the time limitation for habeas corpus petitions. See 28 U.S.C. §2244(d).

### IV. Recommendation

It is therefore recommended that this case be dismissed without prejudice on the ground that Petitioner has failed to comply with the Court's orders; see Fed.R.Civ.P. 41(b), except as to any application of the federal statute of limitations or other procedural bar that may apply.

---

[9] Petitioner was informed in an earlier order that a one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). This period usually begins to run when the judgment becomes final after direct appeal or when the time to seek review has expired. Id. The period is tolled while properly filed applications for state post-conviction or collateral relief are pending with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, the statute is not tolled by a prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(federal habeas petition is not an "application for State post-conviction or other collateral review" under Section 2244(d)(2)); see also Nyland v. Moore, 216 F.3d 1264 (11th Cir. 2000)(holding that the filing date of a second Section 2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits). From review of Petitioner's initial pleading, and state court records which this Court can take judicial notice, it appears that this habeas proceeding might be time-barred and subject to summary dismissal on that basis.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 26th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Gregory Curry, Pro Se
DC# 15017364
Falkenburg Road Jail
520 Falkenburg Road
Tampa, FL 33619
(last known address)